UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FRANKLIN J. SALCEDO, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 2:19-cv-00066-DBH |
| v. | ) | |
| | ) | |
| WILLIAM KING, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

In this action, Plaintiff alleges that when he was an inmate at the York County Jail, he was injured during a prisoner transport. With his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint,[1] I recommend the Court dismiss Plaintiff's privacy claim, but permit Plaintiff to proceed on a claim of deliberate indifference.

---

[1] Plaintiff filed a motion to amend the complaint, which motion the Court granted. The references to the complaint in this recommended decision include reference to the allegations included in the amendment.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Plaintiff alleges that when he and other inmates were transported in a van, evidently because there were not enough seats in the van for the number of the inmates, Defendants Dubois and Staples had another inmate sit on Plaintiff's lap. (Complaint, ECF No. 1.) Plaintiff asserts he suffered an injury to his neck and back, and that his right to privacy was violated. Plaintiff asserts Defendants King, Ronco, and Vitiello[2] failed to train the transport officers (Defendants Dubois and Staples) properly. (ECF No. 12.)

## DISCUSSION

Pursuant to the federal civil rights statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

---

[2] Defendant Michael Viteillo, a jail administrator, was joined as a party through Plaintiff's motion to amend the complaint.

42 U.S.C. § 1983.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Here, Plaintiff contends Defendants Dubois and Staples violated his right to privacy by requiring that another inmate sit on Plaintiff's lap during a prisoner transport. Plaintiff asserts that as a result, he was subjected to "unwanted physical contact." (ECF No. 5.) As this Court previously explained:

> Both the United States Supreme Court and the First Circuit Court of Appeals have recognized the existence of a constitutional right to privacy. The origins of this right to privacy have been attributed to the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. But the constitutional rights of a lawfully incarcerated prisoner are circumscribed or limited.

*Crosby v. Reynolds*, 763 F. Supp. 666, 668-69 (D. Me., May 6, 1991). While an inmate such as Plaintiff might have a right to privacy as to certain matters (e.g., the disclosure of personal information),[3] research has failed to identify any authority to suggest that a right to privacy afforded to inmates includes the conduct alleged by Plaintiff. Plaintiff,

---

[3] In *Nunes v. Mass. Dept. of Correction*, 766 F.3d 136, 143-44 (1st Cir. 2014), the First Circuit acknowledged that some other circuits have found that prisoners have "at least a limited constitutional right against gratuitous disclosures of medical information," but did not have to and thus did not decide whether prisoners had such a right.

therefore, has failed to state an actionable claim under 42 U.S.C. § 1983 against Defendants Dubois and Staples.

Because Plaintiff has not asserted an actionable claim against Dubois and Staples based on a violation of his right to privacy, Plaintiff's claim that Defendants King, Ronco, and Vitiello failed to train them properly on the right to privacy also fails. *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005) ("[s]ince [one of the police officers] did not use excessive force against [plaintiff], any claim hinged on the City's failure to train or discipline [the officer] must fail.")

This is Plaintiff's second attempt to assert a claim based on the transport incident. The prior matter, *Salcedo v. Dubois, et al.*, No. 2:18-cv-00092-DBH, was dismissed following a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. After the dismissal of the matter, the inmate who sat on Plaintiff filed an action, which was captioned, *Stewart v. King, et al.*, 2:18-cv-00231-JAW. In *Stewart*, the plaintiff asserted more detailed facts about the incident. In his complaint, the plaintiff specifically identified Plaintiff as another inmate who was injured in the incident and set forth facts sufficient to state an actionable claim for deliberate indifference. *See Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011) (the Due Process Clause imposes on the states the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health.").

In assessing whether a plaintiff has stated an actionable claim, a court may "supplement [the facts alleged in the complaint] with facts 'gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible

5

to judicial notice.'" *Sirois v. United States*, 2018 WL 2142980, at *1 (D. Me. May 9, 2018) (citing *Gonzalez v. Velez*, 864 F.3d 45, 48 (1st Cir. 2017) (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). The Court can take judicial notice of the filings and proceedings in that matter. *Doustout v. G.D. Searle & Co.*, 684 F. Supp. 16, 17 & n.1 (D. Me. 1988) ("The Court is entitled to take judicial notice of all related proceedings and records in cases before the same court."). When the facts alleged by Plaintiff are considered together with the facts alleged in *Stewart*, Plaintiff has alleged sufficient facts to state an actionable deliberate indifference claim against Defendants.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend the Court dismiss the Plaintiff's right to privacy claim, but permit Plaintiff to proceed on a deliberate indifference claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of June, 2019.